UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
UNITED STATES OF AMERICA      :    Criminal Nos.  06-088 (RBW)
                              :                   06-233 (RBW)
                              :
            v.                :
                              :
                              :
TIMOTHY JENNINGS,             :
                              :
          Defendant.          :    Sentencing: November 15, 2006
                              :
_____:
```

GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully files this memorandum to aid the Court in its sentencing decision. Consistent with the plea agreement in this case, the government will not oppose a sentence in the low end of the range of 100-125 months.

A.    Procedural Background

On August 23, 2006, six months after he was arrested, defendant Timothy Jennings pleaded guilty to a total of six counts of bank robbery, three committed in the District of Columbia (Case No. 06-088) and three committed in Maryland (Case No. 06-233) that were transferred to this district under Rule 20, Fed. R. Crim. P.

The bank robberies were committed over a period of nine weeks, beginning on December 8, 2005 and ending on February 15, 2006.  In each bank, the defendant presented a demand note in which he claimed

-2-

to have a bomb and/or a gun, and demanding large bills.  Terrified
bank employees gave him a total of $16,247.

The defendant was identified first by his clothing and then by
his fingerprints:  the defendant had been terminated as a bus driver
for the Washington Metropolitan Area Transit Authority (hereafter
"WMATA" or "METRO"), and he wore several uniform clothing items in
some of the robberies.  After the surveillance photographs were
identified by authorities at METRO, the FBI matched fingerprints
found on a demand note with the fingerprints on file with the
defendant's extensive criminal history.  A subsequent search of the
defendant's residence resulted in the recovery of clothing and
eyeglasses depicted in the surveillance photos, and a significant
amount of money.

    B.  The Plea Agreement and Sentencing Guidelines Analysis

Under the plea agreement, the defendant "agree[d] not to seek a
sentence outside the USSG [United States Sentencing Guidelines]
range applicable to defendant Jennings based upon Offense Level 24
and a criminal history category to be determined by the U.S.
Department of Probation."  *See* Plea Agreement at page 3, ¶6.  In
return, the government agreed not to oppose a sentence in the low
end of the guideline range.  *Id*.

-3-

The Department of Probation has determined that the defendant's Criminal History Category is VI; thus the applicable sentencing range under the plea agreement is 100-125 months.[1]

The offense level set forth in the plea agreement for the defendant's conduct was calculated as follows:  the base offense level for robbery is 20 (§2B3.1(a)); increased by 2 levels because the victim was a financial institution (§2B3.1(b)(1)); increased 5 levels by the grouping rules (taking into account the conduct in both the District of Columbia and in Maryland) (§3D1.4); and reduced three levels for acceptance of responsibility (§3E1.1).

Under the plea agreement, the parties did not include a two-level adjustment for "death threat," under §2B3.1(b)(2)(F), and "the parties agree[d] that there are no additional relevant adjustments or departures, and neither side will argue otherwise."  *See* Plea agreement at page 3, ¶6.

### C.  The Defendant Deserves No Less Than the Sentence For Which he Bargained

The defendant committed six bank robberies and has the benefit of an unduly generous plea agreement -- an agreement that had been intended to result in an early disposition.[2]  Pursuant to the

---

The Presentence Report ("PSR") recommends a sentence of 120-150 months, based on a two-level increase for death threats (to level 26), which was not set forth in the plea agreement. The government acknowledges the position articulated in the PSR but stands by the plea agreement.

Although the defendant delayed his plea with a variety
(continued...)

-4-

agreement, and notwithstanding the defendant's extensive criminal
history, the sentencing range does not even approach two years for
each bank robbery.  Clearly, the defendant deserves no further
leniency.

Even if the plea agreement permitted him to do so (which it
does not), the defendant has no available argument for leniency.
First, it is not as if the defendant was poor, uneducated, or
unemployed -- he had lucrative employment with METRO.  Second, it is
not as if he robbed one bank, felt remorse, and stopped -- he robbed
over and over again until he was arrested.  Third, it is not as if
the defendant's behavior was aberrant -- indeed, his criminal
history as reflected in the PSR, includes 16 criminal convictions
and 13 additional arrests, beginning with desertion from the armed
forces at age 18, and continuing with remarkable consistency to the
current charges at age 50.  Finally, the defendant has taken
advantage of a generous plea agreement that does not penalize him
for the language of his demand notes or for the commission of a
sixth bank robbery (given the maximum adjustment for multiple
offenses).

The defendant may claim to have a serious drug problem, but
even if this is true, it should be clear by now that he has had a
lifetime full of opportunities to solve the problem, with no

_____

      (...continued)
   of requests, including new counsel, the initial offer remained
   available to him.

-5-

success.  In the end, it appears that the only way to protect the public from this defendant's behavior is to isolate him for a long period of incarceration.  The government stands by the plea agreement, but would oppose any further argument for leniency, both because any such request from the defendant would violate the terms of his plea agreement and because it is unwarranted.

* * *

WHEREFORE, the government does not oppose a sentence in the low end of the range of **100 to 120 months'** incarceration.

Respectfully Submitted,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY
D.C. Bar Number 498610


By: _____

BARBARA E. KITTAY
Assistant U.S. Attorney
D.C. Bar Number 414216
United States Attorney's Office
555 Fourth Street, N.W. Rm. 4846
Washington, D.C.  20530
Tel. (202) 514-6940
Barbara. Kittay @usdoj.gov