AO 245B   (Rev. 06/05) (Rev. DC 12/15/05) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT
## for the District of Columbia

UNITED STATES OF AMERICA

V.

TIMOTHY L. JENNINGS

**JUDGMENT IN A CRIMINAL CASE** **FILED**

Case Number:   CR 06-88/

USM Number:   07339-016

James W. Rudasill, Jr.
Defendant's Attorney

**NOV 3 0 2006**

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## THE DEFENDANT:

☑ pleaded guilty to count(s)   Counts 1,2 3 of the Indictment on 8/23/06 ;and Counts 1,2,3 of the Information also on 8/23/06

☐ pleaded nolo contendere to count(s)
which was accepted by the court.

☐ was found guilty on count(s)
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC 2113(a) | Bank Robbery (Indictment) | December 8,16,19, 2005; January 19, 2006, February 6, 15, 2006 | 1-3 |

The defendant is sentenced as provided in pages 2 through ___8___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ is/are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

_11/15/06_
Date of Imposition of Judgment

_[signature]_
Signature of Judge

Reggie B. Walton
Name of Judge

U.S. District Court Judge
Title of Judge

_11/30/06_
Date

AO 245B    (Rev. 06/05) Judgment in a Criminal Case
Sheet 1A

Judgment—Page    2    of    8

DEFENDANT:  TIMOTHY L. JENNINGS
CASE NUMBER:  CR 06-88/06CR233

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC 2113(a) | Bank Robbery (Information) | December 8, 2005, December 19, 2005 and February 15, 2006 | 1-3 |

AO 245B    (Rev. 06/05) Judgment in Criminal Case
           Sheet 2 — Imprisonment

Judgment — Page    3    of    8

DEFENDANT: TIMOTHY L. JENNINGS
CASE NUMBER: CR 06-88/06CR233

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

ONE HUNDRED AND FIFITY (150) months on Count 1; (150) months on Count 2; (150) months on Count 3 all of the Indictment; and (150) months on Count 1; (150) months on Count 2; (150) months on Count 3 all of the Information; to run concurrent with each other.

☑  The court makes the following recommendations to the Bureau of Prisons:

That the defendant be placed in a federal prison near the District of Columbia so he can maintain contact with his family, and where he can receive treatment for his serious medical problems, specifically the FMC Butner facility located in Butner, N.C.

☑  The defendant is remanded to the custody of the United States Marshal.

☐  The defendant shall surrender to the United States Marshal for this district:

    ☐  at _____ ☐ a.m. ☐ p.m.    on _____ .

    ☐  as notified by the United States Marshal.

☐  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐  before 2 p.m. on _____ .

    ☐  as notified by the United States Marshal.

    ☐  as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B      (Rev. 06/05) Judgment in a Criminal Case
             Sheet 2A — Imprisonment

Judgment—Page  4  of  8

DEFENDANT:  TIMOTHY L. JENNINGS
CASE NUMBER:  CR 06-88/06CR233

## ADDITIONAL IMPRISONMENT TERMS

That the defendant be permitted to participate in the 500 hour drug treatment program while serving his prison term.

That the defendant be permitted to work in the Bureau of Prisons' work program.

AO 245B      (Rev. 06/05) Judgment in a Criminal Case
             Sheet 3 — Supervised Release

Judgment—Page    5    of    8

DEFENDANT:   TIMOTHY L. JENNINGS
CASE NUMBER:   CR 06-88/06CR233

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

THREE (3) years on Count 1, (3)years  on Count 2, (3) years on Count 3, all of the Indictment; (3) years on Count 1, (3) years on Count 2, (3) years on Count 3, all of the Information; to run concurrent with each other.

        The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance.  The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐    The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of
     future substance abuse.  (Check, if applicable.)

☑    The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.  (Check, if applicable.)

☑    The defendant shall cooperate in the collection of DNA as directed by the probation officer.  (Check, if applicable.)

☐    The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a
     student, as directed by the probation officer.  (Check, if applicable.)

☐    The defendant shall participate in an approved program for domestic violence.  (Check, if applicable.)

        If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

        The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1)    the defendant shall not leave the judicial district without the permission of the court or probation officer;

2)    the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of
      each month;

3)    the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)    the defendant shall support his or her dependents and meet other family responsibilities;

5)    the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other
      acceptable reasons;

6)    the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7)    the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any
      controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8)    the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)    the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a
      felony, unless granted permission to do so by the probation officer;

10)   the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any
      contraband observed in plain view of the probation officer;

11)   the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12)   the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the
      permission of the court; and

13)   as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal
      record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the
      defendant's compliance with such notification requirement.

AO 245B •  (Rev. 06/05) Judgment in a Criminal Case
          Sheet 3C — Supervised Release

Judgment—Page   6   of   8

DEFENDANT:  TIMOTHY L. JENNINGS
CASE NUMBER:  CR 06-88/06CR233

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall seek and maintain full time employment.  The circumstances of the defendant's employment shall be at the discretion and direction of the Probation Office, but subject to review by the Court.

The defendant shall be accessed for drug treatment and if needed, the defendant shall participate in and successfully complete a drug treatment program with regular drug testing designated by the Probation Office.

The defendant shall provide the Probation Office with his income tax returns, authorization for release of credit information, and any other business or financial information in which he has a control or interest.

The defendant shall be prohibited from incurring new credit charges, opening additional lines of credit, or negotiating or consummating any financial contracts without the approval of the Probation Office.

The Probation Department shall release the presentence investigation report to all appropriate agencies in order to execute the sentence of the Court.  These agencies shall return the presentence report to the Probation Office upon completion and termination of the treatment involved.

AO 245B    ▾ (Rev. 06/05) Judgment in a Criminal Case
               Sheet 5 — Criminal Monetary Penalties

Judgment — Page ___7___ of ___8___

DEFENDANT:  TIMOTHY L. JENNINGS
CASE NUMBER:  CR 06-88/06CR233

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 600.00 | $ 1001.00 | $ 16,247.00 |

☐   The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☑   The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

   If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Suntrust Bank, Attn: Bob Tapscott | | | $1,665.00 |
| 14401 Sweitzer Lane | | | |
| Laurel, Maryland 20708 | | | |
| | | | |
| Wachovia Corporation, Attn: Gloria Harlow | | | $11,634.00 |
| PO Box 2818 | | | |
| Huntersville, NC 28070-2818 | | | |
| | | | |
| M&T Bank, Attn: Michelle Thompson | | | $2,948.00 |
| 1800 Washington Blvd | | | |
| Baltimore, Maryland 21230 | | | |

| **TOTALS** | $         0.00 | $         0.00 | |
|---|---|---|---|

☐   Restitution amount ordered pursuant to plea agreement  $ _____

☐   The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☑   The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   ☑   the interest requirement is waived for the    ☑  fine  ☑  restitution.

   ☐   the interest requirement for the    ☐  fine    ☐  restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B    (Rev. 06/05) Judgment in a Criminal Case
        Sheet 5A — Criminal Monetary Penalties

Judgment—Page  8  of  8

DEFENDANT:  TIMOTHY L. JENNINGS
CASE NUMBER:  CR 06-88/06CR233

## ADDITIONAL TERMS FOR CRIMINAL MONETARY PENALTIES

Having assessed the defendant's ability to payment of the criminal monetary sanctions, if the defendant work while serving prison term a portion of his wages should go towards amount due.  Upon release if amount is not paid in full then he will make a payment of $200.00 monthly until total amount is paid in full.